Kassin Sabbagh Realty LLC v 125th St. Holding Co. LLC (2023 NY Slip Op 01589)

Kassin Sabbagh Realty LLC v 125th St. Holding Co. LLC

2023 NY Slip Op 01589

Decided on March 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 23, 2023

Before: Renwick, J.P., Friedman, Scarpulla, Mendez, Rodriguez, JJ. 

Index No. 654030/19 Appeal No. 17572 Case No. 2022-03202 

[*1]Kassin Sabbagh Realty LLC, Plaintiff-Respondent,
v
125th Street Holding Company LLC, Defendant, 125th Street Bapaz LLC, et al., Defendants-Appellants.

Castro Law Group PLLC, New York (Claude Castro of counsel), for appellants.
Andriola Law PLLC, New York (James M. Andriola of counsel), for respondent.

Order, Supreme Court, New York (Louis L. Nock, J.), entered June 7, 2022, which denied defendants 125th Street Bapaz LLC, David Israeli and Asher Babazadeh's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
In this action, plaintiff seeks a brokerage commission on a transaction of which it alleges it was the procuring cause. The property in dispute is a Manhattan property located at 51 East 125th Street. Plaintiff made defendant Israel aware of the property on November 6, 2018. Subsequently, on February 25, 2019, Israel contacted plaintiff about making an offer but plaintiff informed Israel that the proposed offer was too low because the seller was seeking $13 million. Before defendants were able to make an offer, the seller entered into a contract to sell the property to a third party. However, before a closing took place, plaintiff, acting as defendants' broker, set up a meeting between defendant Israel, the seller and the third-party purchaser. At the March 28, 2019 meeting, plaintiff alleges that defendant Israel proposed acquiring the property through the assignment of the third-party purchase agreement. Instead, defendant Israel alleges that through the efforts of a different broker, it was able to purchase the property through the assignment of the third-party purchase agreement.
In determining whether a broker is a procuring cause "there must be a direct and proximate link, as distinguished from one that is indirect and remote, between the introduction by the broker and the consummation" (SPRE Realty, Ltd. v Dienst, 119 AD3d 93, 98 [1st Dept 2014]; Capin & Assoc., Inc. v Herskovitz, 194 AD3d 565 [1st Dept 2021]).
Supreme Court correctly decided that issues of fact exist in the record to preclude summary judgment. Specifically, there are discrepancies in the record as to whether the assignment was discussed at the meeting and thus whether plaintiff's actions and efforts in setting up the March 28, 2019 meeting may have been a direct and proximate link to defendants purchase of the property via the assignment of the third-party contract. Supreme Court also correctly distinguished RMB Props., LLC v American Realty Capital III, LLC (55 Misc 3d 1202[A], 2016 NY Slip Op 51874 [Sup Ct, New York County 2016], affd 148 AD3d 585 [1st Dept 2016]) from this matter. The deal consummated in RMB was not the deal
the broker attempted, whereas the deal ultimately consummated here involved the assignment of a contract which existed at the time of the meeting.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 23, 2023